## Joseph O. Means and Albert C. Fordham v. Rhoda Flanagan.

1. FRAUD—*Must be Proved as Alleged.*—Fraud in fact being charged must be proved as alleged by a preponderance of the evidence.

Trespass on the Case, for deceit. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for plaintiff. Error by defendants. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed December 23, 1898.

LOUIS J. PIERSON, attorney for plaintiffs in error.

D. J. HAYNES, attorney for defendant in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The defendant in error brought an action on the case against plaintiffs in error, who were co-partners in the real estate business, for deceit and misrepresentations in a real estate transaction.

The declaration alleged that plaintiffs in error, intending to cheat and defraud defendant in error, represented to her that they could purchase a block of land at a bargain; that others with themselves would take nine-tenths of it, and that if she would take the remaining one-tenth they would allow her to come into the transaction at the price to be paid for the land when it should be purchased; that the plaintiff in error Means would take the title to the land as trustee for all interested, and that when defendant in error should pay the one-tenth part of the cost of the land and of the taxes and assessments, Means would convey to her one-tenth part of the land free from incumbrance, unless the land should in the meantime be sold at a profit; that she agreed to the proposition, and made all payments required of her, when and as plaintiffs in error called upon her to make the same, aggregating an amount equal to the tenth part of the purchase price of the land, and of the taxes and

assessments thereon, except as to $48, which she tendered payment of; that plaintiffs in error purchased the land for $14,500, but falsely stated to defendant in error that they paid $20,000 for it, and that they refused to give her a conveyance of one-tenth part thereof unless she should pay the further sum of $700; that plaintiffs in error instead of applying the moneys paid to them by her upon the purchase price and taxes had appropriated her money to their own use, and had permitted the purchase price mortgage against the land to be foreclosed and deprived themselves of the power to convey any part of said land to her.

The theory of defense was that plaintiffs in error did not agree to take defendant in error in with them as a purchaser of the land, but that having themselves with another purchased it, they " syndicated " it in ten shares of $2,000 each, and sold one share to her; and that they never made any misrepresentations to her, or otherwise defrauded her; that all moneys paid by her were applied on the purchase price and taxes, and that the land was lost by foreclosure, because of the failure of herself and other members of the syndicate to pay the sums agreed by them to be paid.

There is such a lack of evidence to support the alleged fraudulent representations as makes it our duty to reverse the judgment.

The contention of defendant in error, as alleged in her declaration, and testified to by her as a witness, is that she was to become a buyer of the land with plaintiffs in error. She testified that the land had not been bought at the time it was represented to her that she should be a purchaser of the land with plaintiffs in error; that her money " was to go toward buying it with them," and that part of her money was needed and she paid it, to secure the option to purchase the land, and the balance was to pay for it when purchased. She testified that these representations were made to her in June, 1891.

She made her first payment of $200, as she testified, " probably two weeks before;" a receipt, dated June 26, 1891, was given her for her second payment of $200.    The

evidence is well-nigh conclusive that the land had been bought and conveyed to Means, in trust, at least a fortnight before any of the representations testified to by defendant in error were made to her, and hence, could not refer to a proposed purchase in which she was to participate as purchaser; and such fact tended strongly to support the theory of defense.

The land was deeded to Means May 18, 1891, as shown by the undisputed evidence of Thomas Dent.

One of the plaintiffs in error and one Martyn, whose affidavit was by agreement read as evidence, testified that although defendant in error was originally given an opportunity to become a purchaser, she declined, but that after the purchase was made she bought a share in the syndicate that was formed on a basis of $20,000.

And furthermore, defendant in error accepted from Means a certificate signed by him, dated June 10, 1891, but not given to her, as she testified, until "toward the first of July," 1891, reciting her beneficial one-tenth interest in the syndicate, and providing for payments to be made by her, aggregating, with those already made, the sum of $2,000. Defendant in error herself does not claim that the price for which the land was to be purchased was ever mentioned to her, and she does not claim to have known or heard of such price until almost two years after she accepted the certificate which defined expressly that she was to pay at the rate of $20,000.

Against the combined weight of such circumstances and positive testimony, the defendant in error ought not to recover upon her own unsupported testimony. The reasonable inference is that she has confused the original offer which, according to the defense, was made to her to become a purchaser of the land, with her subsequent act in buying a share in the syndicate.

Fraud, in fact, being charged, must be proved, and proved by a preponderating weight of evidence, and it must be proved as alleged. Brady v. Cole, 164 Ill. 116; Geneser v. Telgman, 37 Ill. App. 374; Schroeder v. Walsh, 120 Ill. 403.

Testing the evidence in this case by any recognized standard, the fraud charged in the declaration was, clearly, not established.   If it be said there was unmitigated fraud practiced by plaintiffs in error in taking the last payment of $600 after it was known the land had been or would be lost through foreclosure, the answer is, that was not the fraud declared upon.   It seems to be conceded by both sides that the trial judge held that there was not sufficient evidence of fraud to warrant a recovery, except for the amount of that last payment of $600 and interest, and that on account of such holding the verdict was cut down to the amount for which judgment was rendered.   While so doing was not error of which the plaintiffs in error could take advantage, it being in their favor, we may speak of it as in confirmation of our views already expressed, but we may add also that an amendment to the declaration was necessary to a recovery for fraud in that particular.

We must not be understood, by silence concerning it, to wholly approve of the first instruction given on behalf of defendant in error.   Whatever its defects, may be readily remedied in case of another trial.

The judgment is reversed and the cause remanded.