### Rhoda Flanagan v. Joseph O. Means et al.

1. VERDICTS—*When it is Error to Direct.*—When the evidence raises a distinct question of fact which is the province of the jury to determine it is error to take the case from them by directing a verdict.

**Trespass on the Case,** for deceit. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Opinion filed March 29, 1901.

ULLMANN & HACKER, attorneys for appellant.

LOUIS J. PIERSON and STILLMAN & MARTYN, attorneys for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court. The facts in this case are sufficiently stated in the opin-

ion filed in the cause upon a former appeal. (Means v. Flanagan, 79 Ill. App. 296.) In the present case the trial court directed a verdict for the defendant, and gave judgment against the appellant. From that judgment this appeal is prosecuted.

At the former hearing in this court it was held that there was not sufficient evidence to support the alleged fraudulent representations as charged in the declaration. The original declaration was filed May 21, 1894, and the alleged false representations are charged to have been made in May, 1891. The last payments by appellant were made in July and September, 1892. There was, however, an additional count filed May 5, 1896, which did not appear in the record when the case was here before, through some mistake or inadvertence. That count charged the appellees as copartners with intending to deceive and defraud the appellant of $1,496.10 paid by her to them to be invested for her use and benefit, but which, it is averred, they did not so invest, but converted to their own use and benefit. After the cause had been remanded at a former hearing in this court, appellant filed an amended declaration, to the second count of which the Superior Court sustained a demurrer. This was, we think, erroneous. The sum and substance of the averments in said second amended count said to have been filed after the time allowed by the statute of limitations, while giving details with fullness and at length, nevertheless states no other or different cause of action than had been set forth in the original additional count filed May 5, 1896. Indeed, appellees' counsel do not apparently contend that the ruling was proper, but say that whether erroneous or not, appellant was not thereby harmed, because it is said she was permitted at the trial to introduce proof of the facts alleged in the count thus ruled out. But a verdict based upon evidence not warranted by the averments of the declaration would scarcely avail the plaintiff.

The principal question to be now determined is whether it was error to take the case from the jury. In the former opinion of this court it is said:

"If it be said there was unmitigated fraud practiced by plaintiffs in error in taking the last payment of $600 after it was known the land had been or would be lost through foreclosure, the answer is, that was not the fraud declared upon."

That objection is now disposed of by the production of the original second count, above referred to, and the amended declaration in conformity therewith. There is in the present case evidence in addition to the before "unsupported testimony" of appellant, and also evidence tending to show the receipt by one of the appellees of a considerable portion of the amount paid by appellant, apparently not applied to the purpose for which it was paid. This evidence should, we think, have gone to the jury. It raises a distinct question of fact, which it was the province of the jury to determine. As the cause must be retried, we refrain from further discussion of the controversy.

The judgment of the Superior Court must be reversed and the cause remanded. Reversed and remanded.